IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY PAUL RIVERS, Petitioner, | § § § § | |
| VS. | § § § | NO. 3-08-CV-2100-N |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Johnny Paul Rivers, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County jury convicted petitioner of aggravated sexual assault and sentenced him to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Rivers v. State*, No. 05-04-01853-CR, 2006 WL 121953 (Tex. App.--Dallas, Jan. 18, 2006, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Rivers*, WR-04,158-10 (Tex. Crim. App. Jun. 11, 2008). Petitioner then filed this action in federal district court.[1]

---

[1] This is the second federal writ filed by petitioner challenging his aggravated sexual assault conviction. Petitioner voluntarily dismissed his first writ so he could exhaust state remedies. *See Rivers v. Quarterman*, No. 3-07-CV-0868-L (N.D. Tex. Apr. 4, 2008).

II.

Petitioner raises four broad issues in nine grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) the trial court improperly excluded certain evidence and refused to grant a mistrial; (3) his conviction was the result of prosecutorial misconduct; and (4) he is actually innocent.[2]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law

---

[2] As part of his answer, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 6-11). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 559 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *citing Williams*, 120 S.Ct. at 1521-22. Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

In two related grounds for relief, petitioner contends that the evidence was legally and factually insufficient to support his conviction for aggravated sexual assault because the victim testified falsely at trial.

1.

Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). In making this determination, all the evidence must be viewed in the light most favorable to the verdict. *See Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *See Foy v. Donnelly*, 959 F.2d 1307, 1314 (5th Cir. 1992). Under the law in effect at the

time of the offense, a person committed aggravated sexual assault if the person, *inter alia*, intentionally or knowingly caused the penetration of the anus or female sexual organ of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Vernon 1994 & Supp. 1999). Such an offense could be proved by the uncorroborated testimony of a victim 18 years of age or younger. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(b)(1) (Vernon 1979 & Supp. 1999).[3]

At trial, the victim testified that her teenage sister, Antonia, and her sister's friend, Latoya, took her to petitioner's apartment several years ago. (SF-IV at 33, 38). As best the victim could recall, she was five years old at the time. (*Id.* at 32).[4] After her sister left the apartment with Latoya, the victim and petitioner sat next to each other on the sofa watching television. (*Id.* at 39). The victim said that petitioner "told me to take my panties off[,]" then "put his penis into me." (*Id.* at 40). Upon questioning by the prosecutor, the victim described the offense in detail, using anatomical models as a demonstrative aid. (*See id.* at 40-47). The prosecutor asked the victim if petitioner "put his middle part or his penis inside your middle part or outside[.]" (*Id.* at 47). The victim answered, "He put it in a little bit[,]" but "[n]ot all the way." (*Id.*). Petitioner's sister also testified at trial. Antonia said that the victim told her about the sexual assault about a year after it occurred. (*Id.* at 106). However, Antonia never reported the offense to anyone else. (*Id.* at 111). Years later, the victim told a CPS caseworker that petitioner had sexually assaulted her. (*Id.* at 53-55, 89). The state appeals court determined that the victim's unequivocal testimony that petitioner committed the offense was sufficient to support his conviction for aggravated sexual assault. *See Rivers*, 2006 WL 121953 at *2. Although there was some evidence to suggest that the victim may have been mistaken

---

[3] Effective September 1, 2001, the Penal Code was amended to provide that the offense of aggravated sexual assault may be proved by the uncorroborated testimony of a victim 17 years of age or younger. *See* Acts 2001, 77th Leg., ch. 1018, § 1, eff. Sept. 1, 2001.

[4] The victim was nine years old at the time of trial. (*See* SF-IV at 24).

about her age at the time of the alleged offense, (*see, e.g.* SF-IV at 78-79, 135-38), as well as minor discrepancies between the victim's statements to an outcry witnesses and the testimony of Antonia and a medical doctor who testified for the defense, (*see, e.g.* SF-V at 68-69, 99), it was well within the province of the jury to resolve those conflicts and determine the credibility of witnesses. *See Casillas v. Quarterman*, No. 3-06-CV-1894-M, 2007 WL 1346665 at *5 (N.D. Tex. May 8, 2007), *citing United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994). Petitioner has failed to show that the resolution of this issue by the state appeals court was based on an unreasonable determination of the facts in light of the evidence presented at trial.

2.

Nor can petitioner challenge the factual sufficiency of the evidence. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *See Clewis v. State*, 922 S.W.2d 126, 129-30 (Tex. Crim. App. 1996).[5] This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson*. *See id.* at 129. Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922

---

[5] In *Brooks v. State*, --- S.W.3d ---, 2010 WL 3894613 (Tex. Crim. App. Oct. 6, 2010), a plurality of the Texas Court of Criminal Appeals overruled *Clewis* and held that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 2010 WL 3894613 at *1. A motion for rehearing was filed in *Brooks* on October 21, 2010.

S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases), *COA denied*, No. 05-10052 (5th Cir. Nov. 9, 2005). Accordingly, this ground for relief should be overruled.

C.

Next, petitioner argues that the trial court improperly excluded relevant testimony and failed to grant a mistrial.[6]

1.

In an effort to explain to the jury the victim's ability to describe the male anatomy during a forensic interview conducted by the Dallas Children's Advocacy Center, defense counsel attempted to elicit evidence from the victim that a second grade student had exposed himself to her at school. (*See* SF-IV at 72-75). The trial court excluded the evidence on relevance grounds, but left open the possibility of questioning the victim on that subject if it became relevant later on. (*Id.* at 75). Counsel never reoffered the evidence. Even if the trial court erred by excluding this evidence, petitioner has failed to show that the ruling violated his constitutional rights. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1874 (2008).

2.

Petitioner further contends the trial court should have granted a mistrial when the prosecutor repeatedly referred to a videotape of the victim's interview with the Dallas Children's Advocacy Center. "The failure to grant a mistrial is a matter of state law and not of a constitutional dimension

---

[6] To the extent petitioner seeks habeas relief due to other trial errors, such as the improper admission of hearsay testimony, (*see* Pet. Mem. Br. at 7-8, 13), those claims were not raised in state court and are procedurally barred from federal habeas review.

and is within the sound discretion of the state trial judge." *Matthews v. Cain*, No. 07-3533, 2010 WL 3210444 at *16 (E.D. La. Jul. 12, 2010), *rec. adopted*, 2010 WL 3210840 (E.D. La. Aug. 12, 2010), *citing Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). The Constitution is implicated only when the denial of a motion for mistrial "results in fundamental unfairness that fatally infects the entire proceeding or prevents a fair trial." *Id.*, 2010 WL 3210444 at *16.

Outside the presence of the jury, the trial court excluded a videotape of the victim's forensic interview because it was not a proper method of presenting outcry testimony. (*See* SF-V at 11). Yet the prosecutor referred to the videotape at least three different times while questioning the witness who conducted the interview. (*See id.* at 52-54, 62-63, 70-71, 73). After the third reference to the videotape, the trial court instructed the jury to disregard the prosecutor's remark, but denied a motion for mistrial. (*Id.* at 63). The state appeals court determined that the jury instruction cured any harm because, although improper, "the prosecutor's conduct was not 'so inflammatory as to prejudice the jury beyond repair.'" *Rivers*, 2006 WL 121953 at *4, *quoting Dooley v. State*, 65 S.W.3d 840, 842, (Tex. App.--Dallas 2002, pet. ref'd). Petitioner has failed to show that this ruling was improper, much less deprived him of a fair trial, particularly since the videotape was never shown to the jury.

D.

In multiple grounds for relief, petitioner complains that the prosecutor sponsored perjured testimony, withheld exculpatory evidence, made an improper jury argument, and engaged in other acts of misconduct. The court initially observes that there is absolutely no evidence that the prosecutor knowingly sponsored false testimony. At most, petitioner has identified contradictory testimony and discrepancies in the record which he believes point to his innocence. Defense counsel had an opportunity to exploit these inconsistences at trial, and the jury was able to consider this

evidence in evaluating the credibility of witnesses. Without more, petitioner is not entitled to federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory testimony, standing alone, is not tantamount to perjury).

Nor has petitioner shown that the prosecutor withheld evidence favorable to the defense. As best the court can decipher this claim, petitioner appears to allege that the prosecutor withheld the whereabouts of Latoya Jackson, a friend of the victim's sister, who petitioner speculates would have cast doubt on whether the victim was present at his apartment. Not only has petitioner failed to obtain an affidavit or statement from Latoya regarding the subject matter of her missing testimony, but there is no evidence that the prosecutor knew of Latoya's whereabouts at the time of trial. Likewise, petitioner's conclusory assertion that he was the victim of a malicious prosecution does not merit habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in federal habeas proceedings).

That leaves petitioner's improper jury argument claim. After defense counsel suggested to the jury that the state's witnesses, including the victim, were playing a "shell game" and were engaged in a scheme to extort money from petitioner by falsely accusing him of sexual assault, the prosecutor argued:

> And to determine if a witness is telling the truth, how do you do that? By determining what their motivation would be to lie. And if you can come up with a reason why that little girl lied and you have some motivation for why she made this up against Johnnie Paul, then you set that man free. You find him not guilty, if you can come up with an explanation. And demand that of anyone that wants to find him not guilty--

(SF-V at 158-59). Petitioner objected that the prosecutor's argument was improper because it was an "attempt to lessen the burden of proof." (*Id.* at 159). However, as noted by the state appeals court, the prosecutor merely summarized the "state of the evidence." *Rivers*, 2006 WL 121953 at

*4, citing *Johnson v. State*, 651 S.W.2d 434, 437 (Tex.App.--Dallas 1983, no pet.). There was nothing improper about this argument, and it does not constitute grounds for federal habeas relief.

E.

Finally, petitioner contends that he is actually innocent and is entitled to DNA testing to prove his innocence. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There must also be evidence of an independent constitutional violation in the state criminal proceeding. *Id.*. No such evidence exists here.[7] Nor does petitioner have a federal constitutional right to post-conviction DNA testing. *See District Attorney's Office for the Third Judicial District v. Osborne*, --- U.S. ---, 129 S.Ct. 2308, 2322, 174 L.Ed.2d 38 (2009). These grounds for relief should be overruled.

---

[7] Even if petitioner were permitted to assert an independent claim based on actual innocence, he has not carried his burden of proof. The "newly discovered evidence" relied on by petitioner, including documents showing that he may have suffered from impotence, was known to petitioner at the time of his trial. In fact, petitioner raised his impotence claim in a letter to the trial judge dated March 12, 2004. (*See* St. App. Tr. at 007). Nor does the fact that petitioner was incarcerated on January 28, 2001 -- the date of the offense as alleged indictment -- mean that he is actually innocent. As the state habeas court observed:

> The State's investigation and evidence indicated that the offense transpired on an uncertain date between 1998 and 2001. The State was unable to determine a precise date due to the tender age of the complainant. By alleging that the offense occurred "on or about" January 28, 2001, the State was authorized to prove that the offense transpired on any date prior to the date of the indictment, as long as the indictment was presented within 10 years of the 18th birthday of the victim. Because the State relied on testimony about Applicant's conduct between 1998 and 2001, before he was in custody, and because the complainant was three to five years old on the date when Applicant committed the offense, the evidence that he was in custody on January 28, 2001 is inadequate to support Applicant's claim that he is entitled to a new trial on the basis of newly discovered evidence which demonstrates actual innocence . . . Moreover, evidence about Applicant's location on the alleged date of offense was known at the time of trial; consequently, it cannot be "newly discovered."

*Ex Parte Rivers*, WR-04,158-09, Tr. at 57, ¶ 7 (internal case and record citations omitted).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE